UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JASON EDWARD STIDHAM, | Case No. 3:17-cv-00500-HDM-WGC |
| Petitioner, | ORDER |
| v. | |
| HAROLD WICKHAM, et al., | |
| Respondents. | |

Jason Edward Stidham's pro se 28 U.S.C. § 2254 petition for writ of habeas corpus is before the court for final disposition on the merits (ECF No. 9).

**I.   Procedural History and Background**

Stidham challenges his guilty plea to attempted burglary, burglary, possession of a stolen motor vehicle, and possession of stolen property (exhibit 8).[1] The state district court sentenced Stidham to a term of 24 to 60 months each on the attempted burglary and possession of stolen vehicle counts, and 48 to 60 months on the burglary count, all to run concurrently, with a consecutive 48 to 60 months on the possession of stolen property count. Exh. 28.

Stidham did not file a direct appeal. He filed a state postconviction petition. Exhs. 33, 41. The state district court dismissed 4 grounds and conducted an evidentiary hearing on the remaining claim—whether Stidham was deprived of his right to appeal under *Lozada v. State*, 871 P.2d 944 (Nev. 1994). Thereafter, the court dismissed the petition, and the Nevada Court of Appeals affirmed. Exhs. 65, 85.

---

[1] Exhibits referenced in this order are exhibits to respondents' answer, ECF No. 15, and are found at ECF Nos. 16-18.

1

Stidham's federal petition sets forth 5 grounds for relief (ECF No. 9).  Respondents have answered the petition, and Stidham replied (ECF Nos. 15, 22).

## II. Legal Standards

### a. AEDPA Standard of Review

28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides the legal standards for this court's consideration of the petition in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693-694 (2002). This court's ability to grant a writ is limited to cases where "there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (describing the AEDPA standard as "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (internal quotation marks and citations omitted).

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer*, 538 U.S. at 73 (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell*, 535 U.S. at 694.

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer*, 538 U.S. at 74 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id*. (quoting *Williams*, 529 U.S. at 409).

To the extent that the state court's factual findings are challenged, the "unreasonable determination of fact" clause of § 2254(d)(2) controls on federal habeas review. *E.g., Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir.2004). This clause requires that the federal courts "must be particularly deferential" to state court factual determinations. *Id*. The governing standard is not satisfied by a showing merely that the state court finding was "clearly erroneous." 393 F.3d at 973. Rather, AEDPA requires substantially more deference:

> .... [I]n concluding that a state-court finding is unsupported by substantial evidence in the state-court record, it is not enough that we would reverse in similar circumstances if this were an appeal from a district court decision. Rather, we must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record.

*Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir.2004); *see also Lambert*, 393 F.3d at 972.

Under 28 U.S.C. § 2254(e)(1), state court factual findings are presumed to be correct unless rebutted by clear and convincing evidence. The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief. *Cullen*, 563 U.S. at 181.

### b. Ineffective Assistance of Counsel

Stidham's petition alleges ineffective assistance of counsel (IAC). IAC claims are governed by the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams*, 529 U.S. at 390-91 (citing *Strickland*, 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id*. To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id*. Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id*.

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an objective standard of reasonableness, . . . under prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005) (internal quotations and citations omitted). When the ineffective assistance of counsel claim is based on a challenge to a guilty plea, the *Strickland* prejudice prong requires a petitioner to demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of, the *Strickland* standard. *See Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*.

The United States Supreme Court has described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential." *Cullen*, 563 U.S. at 190 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). The Supreme Court emphasized that: "We take a 'highly deferential' look at counsel's performance . . . through the 'deferential lens of § 2254(d).'" *Id.* at 1403 (internal citations omitted). Moreover, federal habeas review of an ineffective assistance of counsel claim is limited to the record before the state court that adjudicated the claim on the merits. *Cullen*, 563 U.S. at 181-84. The United States Supreme Court has specifically reaffirmed the extensive deference owed to a state court's decision regarding claims of ineffective assistance of counsel:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id*. at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S. at 123. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S. at 124. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington*, 562 U.S. at 105. "A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id*. at 104 (quoting *Strickland*, 466 U.S. at 689). "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Id*. (internal quotations and citations omitted).

Stidham pleaded guilty upon the advice of counsel, thus he "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [ineffective] . . . . and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 56-57, 59 (1985); *Lambert v. Blodgett*, 393 F.3d 943, 980-981 (9th Cir. 2004).

**III.     Instant Petition**

**Ground 1**

Stidham contends that his plea counsel failed to advise him of his right to appeal (ECF No. 9, pp. 3-4). Generally, counsel has a constitutionally imposed duty to consult with a defendant about an appeal when he or she has reason think that either (1) a rational defendant would want to appeal; or (2) this particular defendant reasonably demonstrated that he or she is interested in appealing. *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).

Here, Stidham's guilty plea agreement stipulated to a combined term of 5 to 15 years. Exh. 8. The agreement expressly provided that the State was free to withdraw from the agreement or to argue for an appropriate sentence if Stidham failed to appear at any scheduled proceeding or if prior to sentencing Stidham was arrested or if Stidham misrepresented his criminal history.

After Stidham failed to appear for his presentence interview or his initial sentencing hearing the district court issued a bench warrant. Exh. 22, p. 3; exhs. 14, 15. Stidham was arrested on new charges in Oregon and extradited to Nevada; thereafter, the state district court sentenced him to a combined term of 8 to 20 years. Exh. 27.

Stidham testified at the evidentiary hearing on his state postconviction claim of IAC for his plea counsel's failure to file a notice of appeal. Exh. 61, pp. 3-15. He said that at the end of the sentencing hearing, "I was just concerned about, if there was anything I could do. And I was informed that there wasn't, because it came from a guilty plea, and in the guilty plea I didn't follow by with the guilty plea, was – what I was supposed to do, I didn't follow with what I was supposed to do through the guilty plea, so there wasn't really anything I could do." *Id*. at 7. He said he had "no idea at all" that he had a right to appeal. *Id*. His postconviction counsel showed him a letter dated the same day as the sentencing from his plea lawyer regarding appeal rights and he said he had never received the letter. Stidham testified that he first learned from another inmate that he could have filed an appeal a couple of months after he was sentenced and that he "absolutely" would have appealed if he had known that was an option. On cross examination, Stidham explained that he was overwhelmed by the significantly longer sentence he received than was stipulated to in the plea agreement, but that once his counsel reminded him that he had violated the terms of the agreement it made more sense.

Stidham's plea counsel testified. *Id*. at 16-22. He agreed that Stidham's recounting of the conversation they had after sentencing was a "fair representation" of the

7

conversation but also said it was not exhaustive of the discussions they had with respect to appellate rights. Counsel stated that after sentencing Stidham called him from jail. Counsel explained that Stidham's appellate rights in the context of a guilty plea were very limited and that the court had sentenced him within the statutory parameters. They discussed that counsel did not see any viable bases for appeal. Counsel testified that Stidham did not give him any indication that he wished to appeal and that if he had counsel would have immediately filed a notice of appeal. He also said that he sent Stidham the letter describing his appellate rights on the day of sentencing. Counsel finally noted that he had known and worked with Stidham for about 10 years on various other criminal matters.

The state district court found that Stidham's counsel testified credibly that after sentencing he sent Stidham a letter and also had a telephone conversation with Stidham about his rights. Exh. 65, p. 3. The court also explained that it did not find

> any credible testimony indicating that Stidham specifically instructed trial counsel to file a direct appeal. Notably, counsel testified that he was fully cognizant of his obligations under *Lozada* to file an appeal, but did not have any indication, after his telephone conversation with Stidham, that Stidham wished him to do so. While Stidham may have expressed disappointment in the length of his sentence, the court does not find that this general disappointment rose to a level sufficient to cause counsel to file an appeal.

*Id.* at 4.

Affirming the dismissal of this claim, the Nevada Court of Appeals explained:

> Stidham failed to demonstrate he was deprived of a direct appeal. "[T]rial counsel has a constitutional duty to file a direct appeal in two circumstances: when requested to do so and when the defendant expresses dissatisfaction with his conviction." *Toston v. State*, 267 P.3d 795, 800 (Nev. 2011). At the evidentiary hearing, Stidham's counsel testified he mailed a letter to Stidham and had a telephone conversation with Stidham where he explained Stidham's appellate rights. Counsel testified he would have pursued a direct appeal had Stidham asked him to do so. The district court concluded counsel was credible, Stidham's evidence attempting to demonstrate counsel had not explained a direct appeal was not credible, and Stidham's claim lacked merit. The district

8

> court further concluded Stidham did not otherwise express the type of
> dissatisfaction with his conviction that would have required counsel to file
> a notice of appeal. *See id*. at 801 (explaining the defendant has the
> burden to indicate his desire to pursue a direct appeal). Our review of the
> record reveals the district court's conclusions are supported by substantial
> evidence. Therefore, we conclude the district court did not err in denying
> this claim.

Exh. 83, p. 2. Stidham's counsel testified that he had a 10-year relationship with Stidham and would have filed an appeal if Stidham had indicated that that was his desire. Stidham testified that he was never told he could appeal; the state district court found his testimony not credible. Stidham has failed to demonstrate that the Nevada Court of Appeal's decision was contrary to or involved an unreasonable application of *Strickland*. 28 U.S.C. § 2254(d). Federal habeas relief is denied as to ground 1.

**Ground 2**

Stidham argues that his counsel failed to investigate his mental health and have a psychiatric evaluation completed (ECF No. 9, p. 6). He had attempted suicide about two and one-half months before entering into the guilty plea agreement and asserts that that due to his mental health issues and drug addiction/withdrawal he did not knowingly and voluntarily enter his guilty plea. He alleges that he told his counsel he was "not thinking correctly" before his plea hearing.

The state-court record reflects a detailed plea canvass. Exh. 7. Stidham indicated that he was not under the influence of any substance that prevented him from understanding the proceedings, that he had read and discussed the plea agreement in this case and a second case with his counsel, that he understood the agreements and agreed to be bound by them. He stated that he understood that the court was not bound by the recommendation/stipulation of 5 to 15 years and might give him a different sentence.

The state district court dismissed this claim, finding that Stidham made no specific factual allegations regarding what evidence or testimony he would present to demonstrate that he was not competent at the time he entered his plea. Exh. 46, p. 2.

9

The court further observed that Stidham did not allege that he lacked the present ability to consult with his counsel or that he lacked a rational or factual understanding of the proceedings against him.

The Nevada Court of Appeals also rejected this claim:

> Stidham asserted he suffered from mental difficulties, used prescription medication, and attempted to commit suicide prior to entry of his guilty plea, and these issues may have caused him to be incompetent when he entered his guilty plea. Stidham failed to demonstrate his counsel's performance was deficient or resulting prejudice. Stidham did not provide evidence to support an assertion he was incompetent when he entered his plea because he failed to show he did not have the ability to consult with his attorney with a reasonable degree of rational understanding and that he did not have a rational and factual understanding of the proceedings against him when he entered his guilty plea. *See Melchor-Gloria v. State*, 99 Nev. 174, 179-80, 660 P.2d 109, 113 (1983). Because Stidham failed to demonstrate he could have met the legal standard of incompetency, he did not demonstrate his counsel acted in an objectively unreasonable manner regarding this issue or a reasonable probability of a different outcome had counsel investigated his mental health or sought a psychiatric evaluation. Therefore, we conclude the district court did not err in denying this claim without considering it at the evidentiary hearing. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

Exh. 83, p. 3. Nothing in the record supports Stidham's claim that he was not competent to enter into the plea agreement. Stidham attached a few pages of medical records to his federal petition (ECF No. 9, pp. 31-38). Respondents point out that these documents were not part of the state-court record. In any event, the documents appear to reflect minimal soft tissue injury to his neck from the suicide attempt and problems tolerating pain medication for pancreatitis. While they reflect that Stidham was apparently on suicide watch, they provide no information regarding Stidham's competency and ability to knowingly, intelligently, and voluntarily enter into a plea agreement. Stidham has not shown that the Nevada Court of Appeal's decision was contrary to or involved an unreasonable application of *Strickland*. 28 U.S.C. § 2254(d). Ground 2 is, therefore, denied.

**Ground 3**

Stidham claims that counsel failed to object to the sentence structure and failed to inform Stidham that the court could impose consecutive sentences and harsher sentences than stipulated to in the plea agreement (ECF No. 9, p. 8).

The Nevada Court of Appeals affirmed the dismissal of this claim because in the written plea agreement and during the plea canvass Stidham acknowledged both that the court could impose consecutive sentences and that the court was not bound by the parties' stipulation as to sentencing. Exh. 83, pp. 3-4.

This claim is utterly belied by the record. The plea agreement itself clearly states that if Stidham failed to appear for any subsequent court proceedings the State was free to argue for an "appropriate sentence." Exh. 8. Stidham then failed to appear, having fled the jurisdiction. During the plea canvass, in fact, the court informed Stidham that it was not bound to follow the recommendation and also specifically asked him: "Do you recognize that these matters – the court could run these matters consecutively?" Stidham stated that he understood. Exh. 7, pp. 12-13.

Stidham has not demonstrated that the Nevada Court of Appeal's decision was contrary to or involved an unreasonable application of *Strickland*. 28 U.S.C. § 2254(d). Federal habeas relief is denied as to ground 3.

**Ground 4**

Stidham asserts that counsel failed to investigate and to present mitigating evidence at his sentencing hearing (ECF No. 9, p. 10).

The state district court dismissed this claim finding that Stidham made only a general allegation that he had a clean record prior to 2012 but failed to identify any witnesses or specific factual evidence counsel should have presented. Exh. 45, p. 3.

The Nevada Court of Appeals held that Stidham failed to demonstrate deficiency or prejudice.

> At the sentencing hearing, counsel advised the sentencing court Stidham's problems stemmed from his substance abuse issues but explained Stidham performed well when under supervision and he had not

engaged in criminal activity for years prior to the events leading to these charges. Under these circumstances, Stidham failed to demonstrate his counsel's arguments at the sentencing hearing amounted to the actions of objectively unreasonable counsel. In addition; Stidham did not identify any character witnesses who would have provided favorable information, and a bare claim is insufficient to demonstrate he is entitled to relief. *See id*. [*Hargrove v. State*, 686 P.2d at 225]. Considering the sentencing arguments and the information before the sentencing court, including information demonstrating Stidham absconded from Nevada while he awaited sentencing in this matter and was charged with committing additional crimes during that time period, Stidham failed to demonstrate a reasonable probability of a different outcome had counsel performed different actions at the sentencing hearing. Therefore, we conclude the district court did not err in denying this claim without considering it at the evidentiary hearing. *See id*.

Exh. 83, p. 4. *See also* sentencing hearing, exh. 27. Simply put, after entering into a guilty plea for a stipulated sentence, Stidham left the jurisdiction and was charged with crimes in Oregon. The state district court then imposed a sentence longer than the stipulated sentence. He has not shown that the Nevada Court of Appeal's decision that he failed to show deficiency or prejudice regarding his counsel's presentation at sentencing was contrary to or involved an unreasonable application of *Strickland*. 28 U.S.C. § 2254(d). Ground 4 is denied.

**Ground 5**

Stidham contends that he never received a copy of the presentence investigation report (PSI) and only received the supplemental PSI at the sentencing hearing (ECF No. 9, p. 12).

At the outset of the sentencing hearing, Stidham's counsel informed the court that he had only just received the supplemental PSIs and needed to review them with Stidham. Exh. 27, pp. 3-7. The court took a recess in order that Stidham and his lawyer could review the PSIs. The only correction counsel had was to correct Stidham's birthdate on the reports.

The state district court dismissed this claim, finding that Stidham did not identify any other specific factual errors in the PSI. Exh. 46, p. 3.

The Nevada Court of Appeals again concluded that Stidham failed to show deficiency or prejudice:

> At the beginning of the sentencing hearing, counsel informed the district court the defense had just received the PSI, had not had time to review it, and requested additional time to review and discuss the PSI. The district court trailed the matter until later that day, and when the matter was recalled, counsel informed the district court the defense had been able to sufficiently review the PSI. Under these circumstances, Stidham failed to demonstrate counsel's actions were objectively unreasonable. Stidham also acknowledged the PSI did not contain any errors which worked to his detriment. As the PSI did not contain any prejudicial errors, Stidham failed to demonstrate a reasonable probability of a different outcome had counsel ensured Stidham had further time to review the PSI. Therefore, we conclude the district court did not err in denying this claim without considering it at the evidentiary hearing.

Exh. 83, p. 5. Stidham has not shown that the Nevada Court of Appeal's decision was contrary to or involved an unreasonable application of *Strickland*. 28 U.S.C. § 2254(d). Ground 5 is, therefore, denied.

Accordingly, the petition is denied in its entirety.

**IV.     Certificate of Appealability**

This is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable

| | |
|---|---|
| 1 | jurists could debate (1) whether the petition states a valid claim of the denial of a |
| 2 | constitutional right and (2) whether the court's procedural ruling was correct.  *Id*. |

       Having reviewed its determinations and rulings in adjudicating Stidham's petition, the court finds that none of those rulings meets the *Slack* standard.  The court therefore declines to issue a certificate of appealability for its resolution of Stidham's petition.

### V. Conclusion

**IT IS THEREFORE ORDERED** that the petition (ECF No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment and close this case.

DATED: October 17, 2019

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE